IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROBERT ROYSTER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-01367 |
| **UNITED AIRLINES, INC.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Robert Royster ("Plaintiff"), who is self-represented, filed an amended complaint against his former employer, United Airlines, Inc. ("United") and five of its employees (the "Individual Defendants"), Marina Stonewall, Gislanne McAuliffie, Jack Addy, Wilbur Polo, and Loretta Moore, asserting claims for wrongful termination, defamation, and intentional misrepresentation. ECF 11. Defendant United has filed a motion to dismiss, ECF 13.[1] Plaintiff opposed the motion to dismiss, ECF 15, and United filed a reply, ECF 18. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, United's motion to dismiss will be granted and Plaintiff's Amended Complaint will be dismissed in its entirety without prejudice.

I.  **FACTUAL BACKGROUND**

The following facts are derived from the Amended Complaint, ECF 11, and assumed to be true for purposes of this motion. Plaintiff began working for United as a Customer Service Representative on September 9, 2024. *Id.* ¶ 3. "Defendants" "knowingly and intentionally provided false information about Plaintiff's conduct and job performance" to third parties, "including

---

[1] United also filed a motion to dismiss an earlier version of the Complaint, ECF 7, which will be denied as moot because an Amended Complaint has now been filed.

management and Human Resources. *Id.* ¶¶ 8–9. As a result of those false and misleading allegations, United terminated Plaintiff's employment on or about February 13, 2025. *Id.* ¶ 7. Plaintiff suffered damages including financial loss, emotional distress, reputational damage, and reduced future employment opportunities. *Id.* ¶ 11.

## II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

III. ANALYSIS

Plaintiff's Amended Complaint does not contain facts plausibly supporting any of the three claims he purports to assert. In his opposition, Plaintiff offers much more factual detail about relevant events than he provided in his Amended Complaint. *Compare* ECF 11, *with* ECF 15. But this Court is not permitted to consider those additional facts in evaluating this motion, because its analysis is limited to the allegations in the Amended Complaint itself. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd* 141 F.3d 1162 (4th Cir. 1998) (explaining that Plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

As presently drafted, the Amended Complaint is insufficient because contains absolutely no factual allegations describing any actions taken by any of the Individual Defendants. Simply referring to "Defendants" as a group is not permitted. A complaint must contain particularized allegations about what each defendant is alleged to have done, to put that defendant on adequate notice regarding the nature of the plaintiff's claims. And, in particular, defamation claims must be pleaded with particularity, meaning that as to each defendant, "plaintiff must identify who made what false statement, when, and in what manner (*i.e.*, orally, in writing, etc.); why the statement is false; and why a finder of fact would have reason to conclude that the defendant acted with scienter (i.e., that the defendant either knew that the statement was false or acted with reckless disregard for its truth) and with the intention to persuade others to rely on the false statement." *McCormick v. Medtronic, Inc.*, 219 Md. App. 485, 527–28 (2014).

The other two claims Plaintiff asserts fare no better. Plaintiff has not asserted which defendant(s) he claims to be responsible for his wrongful termination. But assuming it is United, as his employer, he has not identified any "clear mandate of public policy" that was violated by his discharge or explained a "nexus between the employee's conduct and the employer's decision to fire the employee." *Yuan v. Johns Hopkins Univ.*, 157 A.3d 254, 262 (Md. 2017) (quoting *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (2002)). And as to his intentional misrepresentation claim, not only has Plaintiff failed to identify which defendants made representations and what those representations were, but he has failed to show how he "reasonably relied" on any of defendants' false representations, which is a required element of an intentional misrepresentation claim.

Because Plaintiff is self-represented, it would be inappropriate to dismiss his claims with prejudice. Instead, this Court will allow Plaintiff thirty days to file a motion seeking leave to amend

4

his complaint in accordance with the Local Rules. Plaintiff is cautioned that his proposed amended complaint must meet the legal standards described herein.

### IV. CONCLUSION

For the reasons set forth above, United's Motion to Dismiss, ECF 13, is granted and Plaintiff's claims are dismissed without prejudice. This case will be closed, subject to reopening should Plaintiff file an appropriate motion for leave to amend his complaint, attaching a proposed amended complaint in compliance with the Local Rules, within thirty days of the date of this opinion. A separate Order follows.

Dated: August 6, 2025                                     /s/
                                              Stephanie A. Gallagher
                                              United States District Judge