IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT ROYSTER,** | * |
| **Plaintiff,** | * |
| v. | *   Civil No. SAG-25-01367 |
| **UNITED AIRLINES, INC.,** *et al.*, | * |
| **Defendants.** | * |

## MEMORANDUM OPINION

In this employment case, following this Court's dismissal of the claims, Plaintiff Robert Royster ("Plaintiff"), who is self-represented, has filed a "Motion to Submit Amended Document Out of Time and Request to Proceed," ECF 21, which this Court construes as a motion for leave to file a Second Amended Complaint. Plaintiff attached his proposed Second Amended Complaint ("PSAC") to his filing. ECF 21-1. Defendant United Airlines, Inc. ("United") filed an opposition, ECF 22, and no reply has been timely filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Plaintiff's motion must be denied.

I.     **FACTUAL BACKGROUND**

On August 7, 2025, this Court dismissed Plaintiff's Amended Complaint and issued an order affording Plaintiff thirty (30) days to file a motion seeking leave to file a new amended complaint. ECF 20. Plaintiff's filing deadline, therefore, was September 8, 2025. Plaintiff filed the instant motion on September 18, 2025, ten days after the deadline. ECF 21. In the motion, Plaintiff alleges that he could not locate the Court's after-hours drop box on September 5, 2025, so he sent the motion by certified mail, but the mail was returned as undeliverable on September 17, 2025. ECF 21 at 1–2.

The PSAC attached to the motion lists as Defendant "Parties" United, Marina Stonewall, and Wilbur Polo. ECF 21-1 ¶¶ 2–4.[1] Plaintiff began working for United as a Customer Service Representative on September 9, 2024. *Id.* ¶ 7. On or around February 10, 2025, Stonewall demanded that Plaintiff report to the Baltimore-Washington International Airport (BWI). During that conversation, she questioned why he had approached another employee and "expressed skepticism" about a conversation between Plaintiff and Polo. *Id.* ¶¶ 8–9. She also used the phrase, "You men . . ." during the conversation. *Id.* ¶ 9. On or about February 13, 2025, "Plaintiff was terminated from his employment at United Airlines." *Id.* ¶ 11. The termination "followed Marina Stonewall's biased conduct and discriminatory statements, particularly her gender-based comment 'you men,' which reflects animus toward male employees." *Id.* ¶ 19. Plaintiff's PSAC alleges that this action constituted wrongful termination under Maryland law. *Id.* ¶¶ 20–21.

Plaintiff further includes a claim for defamation, alleging, "Marina Stonewall made false and defamatory statements about Plaintiff, including but not limited to calling him 'a liar,' 'untruthful,' and 'untrustworthy.'" *Id.* ¶ 13 (annotations omitted). The statements were made "both orally and in writing" to "United employees, leadership, and Human Resources." *Id.* ¶ 14 (annotations omitted).

Finally, Plaintiff asserts a claim for intentional misrepresentation, alleging that Wilbur Polo gave him verbal permission to leave work early on a specific date, but that Polo later denied that he gave Plaintiff that permission. *Id.* ¶ 23. Marina Stonewall claimed she conducted a full investigation and found that Polo did not make the statement, which Plaintiff disputes. *Id.* ¶¶ 24–25. Plaintiff alleges that Polo and Stonewall made false statements to Human Resources and

---

[1] The caption of the PSAC also names Jack Addy and Loretta Moore as Defendants, but it is evident that the PSAC does not state claims against either since the caption is the only place they are mentioned.

decision-makers at United in order to justify Plaintiff's termination. *Id.* ¶ 26. Plaintiff alleges that he reasonably relied on Polo's original statement "and was misled by the fabricated or misleading information provided during the disciplinary process," and suffered various harms as a result. *Id.* ¶¶ 27–28.

## II.  LEGAL STANDARDS AND ANALYSIS

### A. Belated Filing

Plaintiff seeks to amend his pleading after the deadline set by this Court in its scheduling order. Once that deadline elapsed, that schedule could be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires that the plaintiff acted diligently to comply with the written schedule. If he "was not diligent, the inquiry should end." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (emphasis omitted) (internal quotation marks and citations omitted).

While Plaintiff diligently attempted to find and use the Court's after-hours drop-box on September 5, 2025, his actions after that point failed to satisfy the diligence standard. The motion had to arrive at the Court on or before Monday, September 8, 2025 to comply with the scheduling order. Plaintiff alleges that he mailed the motion by "certified mail" on September 6, 2025, a Saturday. Certified mail permits tracking and confirmation but does not expedite delivery. And Plaintiff does not aver that he took any steps to track the mailed package until it returned to him eleven days later.

"Good cause" requires a party "to demonstrate, at bottom, that they had exercised diligence . . . but that they were nonetheless unable to comply with the scheduling order deadline." *Cook v. Howard*, 484 F. App'x 805, 818 (4th Cir. 2012) (unpublished per curiam). Plaintiff did not return to the Court with the package during business hours on September 8, 2025 and did not take any

steps to track his mailing and confirm its arrival. Under those circumstances, this Court finds that Plaintiff's actions constituted inexcusable neglect, not diligence. *See Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534–35 (4th Cir. 1996) (deeming the failure of plaintiff's counsel "to take any steps whatsoever to check on the letter's progress" to be inexcusable). Plaintiff's motion therefore must be denied for failure to satisfy the good cause standard in Rule 16(b)(4).

### B. Futility

Even had Plaintiff timely filed the motion, it would have been denied for futility. *See In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny."). The Rule 12(b)(6) standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*,

4

584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M. D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Plaintiff's PSAC fails to state a claim, even when liberally construed. It offers more factual detail about the relevant events than he provided in his Amended Complaint, particularly about specific actions taken by Stonewall and Polo. *Compare* ECF 11 *with* ECF 21-1. But it still fails to plead any plausible legal claim.

To state a claim for defamation, a plaintiff "need not plead detailed allegations as to each one of the who, what, where, and when . . . . But, they must provide more than vague and hazy allegations as to at least some of these questions. Their failure to do so renders their pleading deficient." *Total Recon Auto Ctr., LLC v. Allstate Ins. Co.*, 705 F. Supp. 3d 510, 525–26 (D. Md. 2023) (quoting *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 568 (D. Md. 2019)). While Plaintiff's PSAC alleges that Ms. Stonewall, specifically, made the alleged defamatory statements, it contains no detail regarding when, in what context, or with reference to

5

what circumstances or events the statements were made, nor does it allege with any specificity to whom among the "United employees, leadership, and Human Resources" the statements were made. Plaintiff's PSAC does not allege sufficient detail to make his defamation claim plausible under Maryland law.

Plaintiff's wrongful termination claim is similarly deficient. Plaintiff alleges the date of his termination and alleges that Stonewall's "biased conduct and discriminatory statements" occurred before the termination. But it pleads no connection between the two. It does not specify who made the decision to terminate Plaintiff or whether that individual or entity had knowledge of Stonewall's actions, nor does it plead that Stonewall played any role in the termination decision. As a result, it fails to plead a plausible claim of wrongful termination. Moreover, because Plaintiff's PSAC suggests that the public policy in question is "gender discrimination in employment," his claim could not be brought as a common law wrongful termination tort claim, but would have to be brought under applicable gender discrimination statutes after following any applicable administrative procedures. *See Wholey v. Sears*, 803 A.2d 482, 489–90 (Md. 2002) ("[T]he tort of wrongful discharge is inapplicable where the public policy sought to be vindicated is expressed in a statute which carries its own remedy for violation of that public policy.") (discussing *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179 (Md. 1989)).

Finally, Plaintiff's intentional misrepresentation claim cannot lie as pleaded. An element of intentional misrepresentation is "that the defendant made a false representation to the plaintiff." *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 444-45 (4th Cir. 2001) (citing *Nails v. S&R, Inc.*, 639 A.2s 660, 668 (Md. 1994)). As to Stonewall, Plaintiff has only alleged that she made false representations to others, not to Plaintiff. And as to Polo, Plaintiff only alleges that Polo granted him permission to leave work early. Plaintiff has not alleged that the

permissive statement was false at the time it was made, only that Polo subsequently made false representations to other people denying that he had granted such permission. He therefore has not pleaded the requisite elements of intentional misrepresentation. Filing the PSAC would be futile.

### III.    CONCLUSION

Under these circumstances, in light of Plaintiff's failure to seek leave to amend within the time required by this Court's written schedule, Plaintiff's "Motion to Submit Amended Document Out of Time and Request to Proceed," ECF 21, is denied, and Plaintiff's claims are dismissed with prejudice. A separate Order follows.

Dated: February 24, 2026                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge